## 20231

CALDWELL CASTING COMPANY, INC., Respondent, v.
AMERICAN GEAR AND PINION CORPORATION, Appellant.

(225 S. E. (2d) 850)

*Kenneth C. Inman, Esq.,* of *Inman & Richardson,* of Conway, *for Appellant,*

*J. Stanton Cross, Jr., Esq.,* of *Cross & Singleton,* of Conway, *for Respondent,*

June 4, 1976.

LEWIS, Chief Justice.

A motion by defendant-appellant to set aside a default judgment entered against it by respondent on September 30, 1975 was denied by the lower court and this appeal followed. We affirm.

The present motion was made under Code Section 10-1213 upon the ground that the judgment was entered through appellant's mistake or excusable neglect. The sole issue is whether the lower court abused its discretion in refusing to set aside the default judgment upon these grounds.

The judgment was entered in the amount of $12,972.50 for goods sold and delivered by respondent to appellant. Counsel for respondent informed appellant, by letter dated August 23, 1975, that legal action would be taken to collect the account unless he was contacted within seven (7) days from the date of the letter. This letter was received by appellant's controller on August 25, 1975, and answered by him by letter dated September 5, 1975, which was more than seven (7) days after the date of the letter of respondent's counsel. By this time, a complaint had already been prepared and it was served on September 8, 1975. The complaint was not served on the controller but upon the general manager of appellant. No action was taken by the general manager or the controller until notified on or about October 2, 1975 of the prior entry of judgment by default on September 30th. Counsel was then immediately employed

and motion to vacate the judgment was noticed on October 7th.

The controller stated that he thought his letter of September 5th, in reply to the letter of respondent's counsel dated August 23rd, would prevent further legal proceedings; but the facts afford no legal basis for this assumption. There is no indication in the record of why the general manager took no action after the service of the complaint on him.

Under the present facts, there was no showing of mistake or excusable neglect within the meaning of Code Section 10-1213 and the lower court properly denied the motion to set aside the judgment.

Affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.